■ In the Matter of ROBERT W. PUFAHL, Petitioner, v KEVIN F. MURRAY, as Deputy State Comptroller, Respondent. [974 NYS2d 674]—

Spain J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Comptroller which denied petitioner's application for accidental disability retirement benefits.

Petitioner, a retired police officer, applied for accidental disability retirement benefits claiming that two work-related incidents occurring in 1983 and 2006 caused him to be permanently incapacitated from his employment. Petitioner's application was initially denied. Following an administrative hearing, the Hearing Officer also denied the application, finding that the 1983 incident did not constitute an accident within the meaning

of the Retirement and Social Security Law and petitioner's disability is not the natural and proximate result of the 2006 incident, which the New York State and Local Retirement System conceded was an accident. The Comptroller adopted the Hearing Officer's findings and conclusions. Petitioner thereafter commenced this proceeding.

"[A]n injury which occurs without an unexpected event as the result of activity undertaken in the performance of ordinary employment duties, considered in view of the particular employment in question, is not an accidental injury" (*Matter of Crisera v New York State Comptroller*, 79 AD3d 1573, 1573 [2010], *lv denied* 16 NY3d 712 [2011] [internal quotation marks and citations omitted]). With regard to the 1983 incident, petitioner was escorting home a pedestrian who had collapsed on the street and reported that he had not taken his medicine and was not feeling well, when the pedestrian again became faint and began to fall. Petitioner quickly reached out and grabbed the man to prevent him from hitting the ground and, in doing so, petitioner injured his left shoulder. The record supports the Comptroller's conclusion that this injury arose not from an unexpected event but, rather, from risks inherent in the routine performance of petitioner's regular job duties (*see Matter of Kempkes v DiNapoli*, 81 AD3d 1071, 1072-1073 [2011]; *Matter of Crisera v New York State Comptroller*, 79 AD3d at 1573-1574; *Matter of Welsh v New York State Comptroller*, 67 AD3d 1167, 1168 [2009], *lv denied* 14 NY3d 706 [2010]).

We also find substantial evidence in the record to support the conclusion that petitioner's disability is not the result of the 2006 accident. Where, as here, there is conflicting medical evidence, the Comptroller is authorized "to resolve the conflicts and to credit one expert's opinion over that of another so long as the credited expert articulates a rational and fact-based opinion founded upon a physical examination and review of the pertinent medical records" (*Matter of Ashley v DiNapoli*, 97 AD3d 1057, 1059 [2012] [internal quotation marks and citations omitted]). In this case, the Comptroller credited the report and testimony of John Mazella, an orthopedic surgeon who examined petitioner and reviewed the relevant medical records and opined that the 2006 accident was "not the competent producing cause" of petitioner's disability. Rather, Mazella concluded that the injury sustained in the 2006 accident had successfully healed after surgery and that petitioner's permanent disability is the result of degenerative conditions that developed over time and were largely present prior to the 2006 accident. Inasmuch as the opinion offered by Mazella and accepted by the Comptroller

is rational, fact-based and founded upon a physical examination and his review of the relevant records, we decline to disturb the Comptroller's determination even if substantial evidence also supports a contrary conclusion (*see Matter of Ashley v DiNapoli*, 97 AD3d at 1059-1060; *Matter of Caruana v DiNapoli*, 78 AD3d 1302, 1303-1304 [2010], *lv denied* 16 NY3d 705 [2011]; *see also Matter of Cantelmo v New York State Comptroller*, 105 AD3d 1306, 1308 [2013]).

Lahtinen, J.P., McCarthy and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and the petition dismissed.