*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  August 7, 2014               517797
_____

In the Matter of MAXINE G.
    JAMES,
                        Petitioner,

         v                                    MEMORANDUM AND JUDGMENT

THOMAS P. DiNAPOLI, as State
    Comptroller,
                        Respondent.
_____

Calendar Date:  June 2, 2014

Before:  Stein, J.P., McCarthy, Garry, Lynch and Devine, JJ.

_____

        Eliot Levine & Associates, Hauppauge (Eliot S. Levine of
counsel), for petitioner.

        Eric T. Schneiderman, Attorney General, Albany (William E.
Storrs of counsel), for respondent.

_____

Stein, J.P.

        Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Albany County) to
review a determination of respondent which denied petitioner's
application for disability retirement benefits.

        Petitioner worked as a developmental aide at the Long
Island Developmental Disabilities Services Office for 18 years.
In 2007, she applied for disability retirement benefits under
Retirement and Social Security Law article 15, alleging that she
was permanently incapacitated from performing her job duties as
the result of an unspecified disability.  Her application was
denied, and petitioner timely requested a hearing and

redetermination.  Following a hearing, the Hearing Officer found that petitioner failed to establish that she was permanently incapacitated from performing her job duties.  Respondent adopted the Hearing Officer's findings, with one additional conclusion of law, and denied petitioner's application.  Petitioner then commenced this CPLR article 78 proceeding.

We confirm.  Petitioner bore the burden of establishing that she was permanently incapacitated from the performance of her job duties (see Matter of Weaver v DiNapoli, 108 AD3d 974, 975 [2013]; Matter of Pennachio v DiNapoli, 95 AD3d 1557, 1557 [2012]).  Petitioner relies upon her medical records, particularly 2007 and 2010 reports from her treating chiropractor diagnosing her with cervical disc syndrome with paraspinal myofascitis, cervical radicular neuralgia and lumbosacral dysfunction.  The reports also note the possible presence of demyelinating disease, and conclude that she is totally and permanently disabled.  Petitioner further relies upon 2011 reports from a neurologist indicating that she "may be suffering [from] demyelinating disease," albeit one following "a relatively indolent benign course."  In opposition, respondent notes that the neurologist suggested multiple diagnoses but offered no opinion on disability, and that another neurologist who examined petitioner considered her MRI results to be "very non compelling" and concluded that she had no "neurosurgical pathology."  In addition, Leon Sultan, an orthopedic surgeon who examined petitioner on behalf of the New York State and Local Retirement System, observed "symptom magnification . . . without any upper extremity or lower extremity disuse atrophy, reflex impairment or sensory deficit," and concluded that petitioner was not permanently disabled or unable to perform her job duties.

Respondent's determination to credit the opinion of one expert over that of another "is dispositive where, as here, the credited expert provides an articulated, rational and fact-based opinion, founded upon a physical examination and review of relevant medical reports and records" (Matter of Loysen v New York State & Local Retirement Sys., 100 AD3d 1168, 1169 [2012] [internal quotation marks and citations omitted]; see Matter of Occhino v DiNapoli, 117 AD3d 1156, 1156 [2014]).  Although petitioner argues that Sultan's report cannot be considered

rational and fact-based because he did not consider test results that postdated his opinion, the subsequent records did not produce any new definitive diagnoses or new conclusions of disability (cf. Matter of Baird v New York State & Local Retirement Sys., 96 AD3d 1265, 1266 [2012]). Inasmuch as Sultan's report and those of the examining neurologists – who found no disability – constitute substantial evidence to support respondent's determination, it will not be disturbed despite the presence of evidence in the record that could support a contrary conclusion (see Matter of Loysen v New York State & Local Retirement Sys., 100 AD3d at 1169; Matter of Pennachio v DiNapoli, 95 AD3d at 1558). Petitioner's remaining contentions have been considered and found to be lacking in merit.

McCarthy, Garry, Lynch and Devine, JJ., concur.

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

ENTER:

Robert D. Mayberger
Clerk of the Court