*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:    March 26, 2015            519373
_____

In the Matter of WILLIAM A.
    WHIPPLE,
                        Petitioner,

        v                                    MEMORANDUM AND JUDGMENT

NEW YORK STATE AND LOCAL
    RETIREMENT SYSTEM et al.,
                        Respondents.
_____

Calendar Date:    February 11, 2015

Before:   McCarthy, J.P., Egan Jr., Devine and Clark, JJ.

_____

        Iaconis Law Office, PLLC, Chittenango (Paul F. Ioconis of
counsel), for petitioner.

        Eric T. Schneiderman, Attorney General, Albany (William E.
Storrs of counsel), for respondents.

_____

McCarthy, J.P.

        Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Albany County) to
review a determination of respondent Comptroller which denied
petitioner's application for accidental disability retirement
benefits.

        Petitioner, a highway maintenance worker for the Department
of Transportation, was involved in a work-related accident on
April 11, 2005 when sand was dropped on his head.  In 2007,
petitioner applied for accidental disability retirement benefits,
asserting that he was permanently incapacitated as a result of
the injuries sustained in the workplace accident.  Following a

hearing, the Hearing Officer ruled that petitioner failed to establish that the disability resulted from the accident. Respondent Comptroller (hereinafter respondent) accepted the findings and conclusions of the Hearing Officer and denied petitioner's application.  This CPLR article 78 proceeding ensued.

We confirm.  There is no dispute that the April 11, 2005 incident was an accident and that petitioner is permanently incapacitated from the performance of his duties.  Nevertheless, "[t]o be eligible for accidental disability retirement benefits, petitioner's incapacitation must be 'the natural and proximate result of an accident' sustained while in service" (Matter of Shea v DiNapoli, 115 AD3d 1023, 1024 [2014], quoting Retirement and Social Security Law § 363 [a] [1]).  Where substantial evidence supports respondent's decision, it will not be disturbed (see Matter of Messina v New York State & Local Employees' Retirement Sys., 102 AD3d 1068, 1068 [2013], lv denied 21 NY3d 855 [2013]).

Here, Patrick Connolly, an orthopedic surgeon who examined petitioner and reviewed his medical records, opined that the accident was an aggravation of a long-standing preexisting degenerative condition that resolved, as evidenced by his ability to return to work.  Connolly referred to the X-ray and MRI reports that noted no acute injury from the accident but, rather, degenerative findings that occur over time.  Furthermore, petitioner's medical records indicated, and petitioner's testimony confirmed, that he had a history of neck pain and hand numbness beginning in the 1980s.  Under these circumstances, Connolly presented a rational and fact-based medical opinion based upon medical records, examination of petitioner and petitioner's work history.  Although there is medical evidence to support a contrary conclusion, respondent's determination to deny accidental disability benefits is supported by substantial evidence and, therefore, it will not be disturbed (see Matter of Ortiz v DiNapoli, 98 AD3d 1224, 1225 [2012]; Matter of Murray v DiNapoli, 79 AD3d 1412, 1413-1414 [2010]).

We have reviewed petitioner's remaining contentions, including the consideration of certain witness statements

relating to the accident, and find them to be without merit.

Egan Jr., Devine and Clark, JJ., concur.


ADJUDGED that the determination is confirmed, without costs, and petition dismissed.




ENTER:

Robert D. Mayberger
Clerk of the Court