McCarthy, J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller denying petitioner’s application for disability retirement benefits.
Petitioner, a correction officer, suffered injuries at work in June 2010. In March 2011, he applied for disability retirement benefits under Retirement and Social Security Law article 15, claiming to be permanently incapacitated from performing his job duties as the result of injuries he suffered to his right shoulder, his right wrist and middle fingers of his right hand. The application was disapproved and petitioner requested a hearing and redetermination. Following a hearing, the Hearing Officer found that petitioner failed to establish that he was permanently incapacitated from performing his job duties. Respondent Comptroller adopted the Hearing Officer’s findings and denied the application, prompting this CPLR article 78 proceeding.
We confirm. Petitioner bore the burden of establishing that he is permanently incapacitated from performing his job duties (see Matter of James v DiNapoli, 120 AD3d 859, 859 [2014]; Matter of Weaver v DiNapoli, 108 AD3d 974, 975 [2013]). In support of his application, petitioner offered the testimony and report of neurologist Frederic Mendelsohn, who has treated petitioner for his work-related injuries since 2011. Mendelsohn opined that petitioner is permanently disabled from the performance of his job duties due to a median nerve injury at the *1383 right wrist, evidenced by positive Phalen’s maneuver and Tinel’s sign test results, an inability to flex and extend the first three fingers of his right hand and right carpal tunnel syndrome, finding that carpal tunnel surgery performed on petitioner was unsuccessful.
In contrast, respondent New York State and Local Retirement System presented the testimony and report of John Killian, an orthopedic surgeon, who examined petitioner and reviewed his medical records on its behalf. Killian found that petitioner had full range of motion of his shoulder, right wrist and fingers and concluded that petitioner’s carpal tunnel syndrome was treated successfully and had resolved. In light of his findings, Killian opined that petitioner was not permanently disabled from performing the duties of a correction officer. We note that the record also contains the report of Stuart Kandel, an orthopedic surgeon who performed an independent medical examination of petitioner in February 2011. Kandel opined, based upon negative Phalen’s maneuver and Tmel’s sign test results, petitioner’s range of motion and a lack of swelling of the wrist, that no further treatment to petitioner’s right wrist was necessary. “Where, as here, there is conflicting medical evidence, the Comptroller is vested with the exclusive authority to weigh such evidence and credit the opinion of one medical expert over another” (Matter of Bates v New York State & Local Police & Fire Retirement Sys., 120 AD3d 872, 873 [2014] [internal quotation marks, brackets and citations omitted]; accord Matter of Guadagnolo v DiNapoli, 128 AD3d 1246, 1248 [2015]). Inasmuch as Killian offered a rational, fact-based opinion based upon a physical examination and a review of petitioner’s medical records, the Comptroller’s denial of benefits is supported by substantial evidence and will not be disturbed, despite the existence of other evidence to support a contrary conclusion (see Matter of Pufahl v Murray, 111 AD3d 1050, 1051-1052 [2013]; Matter of Cantelmo v New York State Comptroller, 105 AD3d 1306, 1307-1308 [2013]). Petitioner’s remaining claims, including that the Hearing Officer should have recused himself, have been considered and found to be without merit.
Lahtinen, J.P., Egan Jr., Lynch and Devine, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.