*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered: June 30, 2016          522156
_____

In the Matter of PHILLIP K.
   BORSILLI,
                Petitioner,

     v                                      MEMORANDUM AND JUDGMENT

THOMAS P. DiNAPOLI, as State
   Comptroller,
                Respondent.
_____

Calendar Date: May 31, 2016

Before: Lahtinen, J.P., Egan Jr., Lynch, Devine and Mulvey, JJ.

_____

     Bartlett, McDonough & Monaghan, LLP, White Plains (Jason D. Lewis of counsel), for petitioner.

     Eric T. Schneiderman, Attorney General, Albany (William E. Storrs of counsel), for respondent.

_____

Devine, J.

     Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent denying petitioner's application for disability retirement benefits.

     In March 2011, petitioner, a correction officer, filed an application for disability retirement benefits, alleging that he is permanently incapacitated from performing his job duties due to collapsed veins in his legs, an enlarged heart, diabetes, high blood pressure, high cholesterol and asthma. The application was initially denied and petitioner requested a redetermination. Following a hearing, the Hearing Officer upheld the denial,

concluding that petitioner had not demonstrated that he is permanently incapacitated from performing his job duties. Respondent adopted the Hearing Officer's determination, and this CPLR article 78 proceeding ensued.

"Petitioner bore the burden of establishing that he is permanently incapacitated from performing his job duties" (Matter of Sugrue v New York State Comptroller, 134 AD3d 1382, 1382 [2015] [citation omitted]; see Matter of James v DiNapoli, 120 AD3d 859, 859 [2014]).  To that end, petitioner's treating physician opined that petitioner was permanently incapacitated from performing his job duties due to his cardiac condition, leg condition and hypertension, and that his other conditions were disabling in combination.  In contrast, petitioner's treating cardiologist examined him and found no evidence of a cardiac disability, as did a cardiologist who examined petitioner and reviewed his medical records on behalf of the New York State and Local Employees' Retirement System.  A vascular surgeon who examined petitioner and his medical records for the Retirement System similarly found "no indication of permanent disability from venous insufficiency for work as a correction officer." Finally, an internist who also examined petitioner and his medical records on behalf of the Retirement System diagnosed him as suffering from obesity, diabetes, hypertension, chronic obstructive pulmonary disease, asthma and venous insufficiency, but opined that none of those conditions were permanently incapacitating.

Respondent is vested with the authority to resolve any conflicts in the medical evidence and credit one medical opinion over another (see Matter of Cantelmo v New York State Comptroller, 105 AD3d 1306, 1307 [2013]; Matter of Loysen v New York State & Local Retirement Sys., 100 AD3d 1168, 1169 [2012]). Inasmuch as the medical opinions credited by respondent were rational and based upon physical examinations of petitioner and/or reviews of his medical records, the determination denying disability retirement benefits is supported by substantial evidence and will not be disturbed (see Matter of Sugrue v New York State Comptroller, 134 AD3d at 1383; Matter of Cantelmo v New York State Comptroller, 105 AD3d at 1307-1308).

Lahtinen, J.P., Egan Jr., Lynch and Mulvey, JJ., concur.


ADJUDGED that the determination is confirmed, without costs, and petition dismissed.




ENTER:

Robert D. Mayberger
Clerk of the Court