## State of New York
## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered: December 22, 2016          522907
_____

In the Matter of ROBERT
   CHOMICKI,
               Petitioner,

      v                          MEMORANDUM AND JUDGMENT

THOMAS NITIDO, as Deputy State
   Comptroller,
               Respondent.
_____

Calendar Date: November 18, 2016

Before: Peters, P.J., McCarthy, Egan Jr., Lynch and Devine, JJ.

_____

Baker, Leshko, Saline & Blosser, LLP, White Plains (Anthony C. Saline of counsel), for petitioner.

Eric T. Schneiderman, Attorney General, Albany (Kathleen M. Arnold of counsel), for respondent.

_____

Lynch, J.

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Comptroller denying petitioner's application for accidental disability retirement benefits.

Petitioner retired from his employment as a police officer for the City of Yonkers in January 2010 based upon his years of service. In September 2010, petitioner applied for accidental disability retirement benefits and performance of duty disability retirement benefits, alleging that he was permanently incapacitated from the performance of his duties as a result of injuries to his neck and shoulder sustained in three accidents

that occurred in June 1988, April 1996 and June 1996.  Although petitioner's application for performance of duty disability benefits was granted, his application for accidental disability retirement benefits was denied.  Following a hearing, at which it was conceded that the three incidents were accidents and that petitioner was incapacitated from the performance of his duties, the Hearing Officer denied the accidental disability retirement application on the basis that the accidents were not the proximate cause of his disability.  The Comptroller affirmed that determination and this CPLR article 78 proceeding ensued.

We confirm.  "[T]o be eligible for accidental disability retirement benefits, petitioner's incapacitation must be the natural and proximate result of an accident sustained while in service" (Matter of Whipple v New York State and Local Retirement Sys., 126 AD3d 1282, 1283 [2015] [internal quotation marks and citations omitted], lv denied 26 NY3d 912 [2015]).  "Where, as here, there is conflicting medical evidence, the Comptroller is authorized to resolve the conflicts and to credit one expert's opinion over that of another so long as the credited expert articulates a rational and fact-based opinion founded upon a physical examination and review of the pertinent medical records" (Matter of Pufahl v Murray, 111 AD3d 1050, 1051 [2013] [internal quotation marks and citation omitted]; see Matter of Ortiz v DiNapoli, 98 AD3d 1224, 1225 [2012]).

Here, the Comptroller credited the medical report and testimony of John Mazella, an orthopedic surgeon who examined petitioner and reviewed his medical records and work history.  Mazella opined that petitioner's disability was not the proximate result of one incident but was a combination of degenerative changes due to daily living and work-related activities.  With regard to the three specific accidents, Mazella concluded that petitioner suffered no significant trauma from the accidents given that none of the accidents resulted in petitioner being hospitalized nor did they result in petitioner losing any significant time from work.  Furthermore, petitioner continued on full-duty assignment for over 13 years following the last accident and did not seek any orthopedic treatment until after he retired.  Although there was medical testimony that could support a contrary conclusion, Mazella's rational and fact-based medical

opinion based upon his examination of petitioner and review of petitioner's medical records and work history provide substantial evidence to support the Comptroller's determination and, therefore, it will not be disturbed (see Matter of Whipple v New York State and Local Retirement Sys., 126 AD3d at 1283; Matter of Pufahl v Murray, 111 AD3d at 1051-1052; Matter of Ashley v DiNapoli, 97 AD3d 1057, 1059 [2012]).  We have reviewed petitioner's remaining contentions, including that the denial of accidental disability retirement benefits is inconsistent with the fact that he was granted performance of duty disability retirement benefits, and find them to be without merit.

        Peters, P.J., McCarthy, Egan Jr. and Devine, JJ., concur.


        ADJUDGED that the determination is confirmed, without costs, and petition dismissed.




                    ENTER:


                    Robert D. Mayberger
                    Clerk of the Court