■ In the Matter of JOSEPH J. DELLARIPA, Petitioner, v THOMAS P. DINAPOLI, as Comptroller of the State of New York, Respondent. [55 NYS3d 797]—

McCarthy, J.P. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent denying petitioner's application for accidental disability retirement benefits.

Petitioner left his employment as a police officer for the City of Mount Vernon and received a disability retirement pension. In December 2012, petitioner applied for accidental disability retirement benefits, alleging that he was permanently incapacitated from the performance of his duties as a result of injuries to his back sustained in a motor vehicle accident while on duty on September 15, 2008. After his application was denied, he requested a hearing. At the hearing, it was conceded that petitioner was permanently incapacitated and that the 2008 incident was an accident, and conflicting medical evidence was submitted regarding whether his incapacity was a proximate result of that accident. A Hearing Officer thereafter denied the application on the ground that the 2008 accident was not the proximate cause of his disability. Respondent affirmed that determination, and this CPLR article 78 proceeding ensued.

We confirm. "To be eligible for accidental disability retirement benefits, petitioner's incapacitation must be the natural and proximate result of an accident sustained while in service" (*Matter of Chomicki v Nitido*, 145 AD3d 1337, 1338 [2016] [internal quotation marks, brackets and citation omitted]). The burden was on petitioner to establish that his incapacity was a proximate result of the 2008 accident (*see Matter of Somuk v DiNapoli*, 145 AD3d 1339, 1341 [2016]). "Where, as here, there is conflicting medical evidence, [respondent] is authorized to resolve the conflicts and to credit one expert's opinion over that of another so long as the credited expert articulates a rational and fact-based opinion founded upon a physical examination and review of the pertinent medical records" (*Matter of Pufahl v Murray*, 111 AD3d 1050, 1051 [2013] [internal quotation marks and citation omitted]; *see Matter of Sugrue v New York State Comptroller*, 134 AD3d 1382, 1383 [2015]).

At the hearing, petitioner recounted his relevant medical history, including that he was in an car accident at work in 2006 after which he did not lose any time at work. According to petitioner, he injured his back in a car accident while on duty on September 15, 2008 and experienced shooting pain down his legs as he attempted to exit his car. He was out of work for approximately six months thereafter and had to wear a back

brace and take pain medication. In 2011, he experienced back pain while driving around and wrenched his back while exiting his police car, causing the same back pain as in the 2008 accident. He was out of work for approximately one year and then returned to full duty work. Then, in 2012 while at home, petitioner turned to grab something and again experienced sharp back pain, and did not thereafter return to work. Petitioner's physician, a physical medicine and rehabilitation specialist, testified that he had been treating petitioner for back pain since March 2013, but had not reviewed the incident reports or many of his medical records. He concluded that, while all of the incidents contributed to petitioner's disabled back condition, the 2008 accident was a significant proximate cause of his disability. Although petitioner had been able to return to work after the 2008 accident, he concluded that his back problems were cumulative and progressive and that the 2012 incident was just the final trigger.

Respondent credited the conflicting medical opinion and reports of John Mazella, an orthopedic surgeon who examined petitioner and reviewed his medical records, MRI reports and work duties and history. Mazella agreed that all of the incidents contributed to petitioner's disability but opined that the 2012 incident at home, not the 2008 accident, was the proximate disabling event. This conclusion was based upon, among other factors, petitioner's ability to return to full duty police work without surgical intervention after the 2006, 2008 and 2011 incidents, and that he reported zero pain and demonstrated normal strength and range of motion after he recovered from the 2011 incident; by contrast, after the 2012 incident, he was never able to return to work and surgery was recommended. Mazella also relied on the MRI reports after the 2008 and 2011 incidents, which reflected that his back condition remained about the same, whereas the MRI after the 2012 incident disclosed significant positive findings of impingement and stenosis.

As Mazella's medical opinion was rationally based upon his examination of petitioner and a review of his medical records, work duties and history, substantial evidence supports respondent's determination and, therefore, it will not be disturbed, notwithstanding that the record contains evidence that might also support a contrary conclusion (*see Matter of Chomicki v Nitido*, 145 AD3d at 1339).

Rose, Devine, Clark and Mulvey, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.