Matter of Hanon v DiNapoli (2019 NY Slip Op 03123)





Matter of Hanon v DiNapoli


2019 NY Slip Op 03123


Decided on April 25, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 25, 2019

527240

[*1]In the Matter of ALEXANDER HANON, Petitioner,
v
THOMAS P. DiNAPOLI, as State Comptroller, Respondent.

Calendar Date: March 18, 2019

Before: Egan Jr., J.P., Lynch, Clark, Devine and Pritzker, JJ.


Bartlett LLP, White Plains (Jacob Schwartz of counsel), for petitioner.
Letitia James, Attorney General, Albany (William E. Storrs of counsel), for respondent.



MEMORANDUM AND JUDGMENT
Lynch, J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent denying petitioner's application for accidental disability retirement benefits.
Petitioner worked as a firefighter for the City of Yonkers Fire Department for approximately 17 years. In February 2010, he and members of his company responded to a car fire at a parking garage. The car that was ablaze was located on the first floor partially outside the garage. As petitioner was opening the hood of the car to extinguish the fire, an avalanche of snow fell from the roof above, causing petitioner's mask to become dislodged and him to be buried completely. Other firefighters assisted in extracting petitioner from beneath the snow and he returned to the firehouse, but experienced chest pain and tightness while responding to another call. He sought immediate medical treatment and it was determined that he suffered from methemoglobinemia due to excessive carbon monoxide exposure, causing him to develop a heart arrythmia. He was placed on medical leave, but returned to work on a restricted duty assignment in May 2010.
In June 2010, as he was driving home from work, petitioner was involved in a motor vehicle accident when he lost consciousness while experiencing heart irregularities. He crashed into a fence and, when he awoke, the car door was jammed and he was temporarily trapped. He was hospitalized as a result of this accident and did not return to work thereafter. He subsequently sought psychological treatment for anxiety and depression, and was diagnosed with posttraumatic stress disorder (hereinafter PTSD) and depressive disorder.
Petitioner filed an application for accidental disability retirement benefits claiming that he was permanently disabled due to his heart arrhythmia and psychological problems, which [*2]were attributable to the February 2010 incident. His application was denied by the New York State and Local Police and Fire Retirement System on the ground that his disability was not caused by an accident sustained in service. Petitioner requested a hearing and, at the hearing that followed, the Retirement System conceded that the February 2010 incident constituted an accident within the meaning of the Retirement and Social Security Law. The Hearing Officer, however, ruled that petitioner failed to establish that his permanent incapacitation was a natural and proximate result of the February 2010 accident [FN1]. Respondent adopted the Hearing Officer's decision, and this CPLR article 78 proceeding ensued.
Initially, "[t]o be eligible for accidental disability retirement benefits, [a] petitioner's incapacitation must be the natural and proximate result of an accident sustained while in service" (Matter of Chomicki v Nitido, 145 AD3d 1337, 1338 [2016] [internal quotation marks, brackets and citation omitted]; see Matter of Whipple v New York State & Local Retirement Sys., 126 AD3d 1282, 1283 [2015], lv denied 26 NY3d 912 [2015]). Notably, the burden is on the petitioner to establish that his or her incapacitation was caused by a service-related accident (see Matter of Studdert v New York State Comptroller, 163 AD3d 1343, 1344 [2018]; Matter of Ripp v New York State & Local Police & Fire Retirement Sys., 136 AD3d 1143, 1143 [2016]). Furthermore, where conflicting medical evidence on this issue is presented, respondent has the authority to resolve such conflicts and to credit one expert's opinion over that of another provided "the credited expert articulates a rational and fact-based opinion found upon a physical examination and review of the pertinent medical records" (Matter of Dellaripa v DiNapoli, 150 AD3d 1603, 1604 [2017]; see Matter of Chomicki v Nitido, 145 AD3d at 1338).
Leslie Citrome, the psychiatrist who conducted an independent medical examination of petitioner on behalf of the Retirement System, opined that petitioner's PTSD and depressive disorder were causally related to the June 2010 motor vehicle accident. He stated that the February 2010 accident was incidental to his psychiatric assessment as petitioner only mentioned this incident briefly, indicating that he suffered cardiac problems from inhaling smoke, and focused primarily on the June 2010 motor vehicle accident in discussing his history of psychiatric problems and symptoms. Citrome noted that petitioner did not obtain any psychiatric treatment prior to the June 2010 motor vehicle accident and that the medical notes of Norman Weiss, a psychiatrist who treated petitioner after this accident, did not reveal that petitioner complained of symptoms before this time. He further noted that petitioner did not begin taking psychotropic medications until after the June 2010 motor vehicle accident. Furthermore, Citrome stated that petitioner related to him that his symptoms began 7 to 10 days after he was released from the hospital following the June 2010 motor vehicle accident.
Weiss, who began treating petitioner in November 2012, concurred with Citrome's diagnosis of PTSD and depressive disorder. Unlike Citrome, he opined that the February 2010 accident was causally related to petitioner's depressive disorder and stated that, given its proximity to the June 2010 motor vehicle accident, it made him more vulnerable to a diagnosis of PTSD. He acknowledged, however, that petitioner did not disclose the February 2010 accident when he inquired about petitioner's medical history and that he was only aware of the June 2010 motor vehicle accident during his course of treatment. He indicated that he did not become aware of the February 2010 accident until petitioner's attorney advised him that it was referenced in the medical notes of David Kreditor, the psychiatrist from whom petitioner first sought treatment in December 2010. Notably, Weiss provided an initial opinion that petitioner's psychiatric disability was caused by the June 2010 motor vehicle accident. He admittedly changed his opinion after learning of the February 2010 accident.
In view of the foregoing, respondent could credit Citrome's rational and fact-based opinion over the contrary opinion of Weiss in concluding that petitioner's psychiatric disability was not causally related to the February 2010 accident. Significantly, Citrome's opinion was in accord with petitioner's psychiatric history and treatment. Weiss' opinion, on the other hand, was at times confusing and inconsistent. Therefore, inasmuch as substantial evidence supports respondent's determination, we find no reason to disturb it (see Matter of Dellaripa v DiNapoli, 150 AD3d at 1605; Matter of Chomicki v Nitido, 145 AD3d at 1339).
Egan Jr., J.P., Clark, Devine and Pritzker, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.



Footnotes

Footnote 1: Although the Hearing Officer found that neither petitioner's heart arrhythmia nor his psychological problems were the result of the February 2010 accident, petitioner has not made any arguments with respect to his heart arrhythmia, and we therefore find such claim to have been abandoned (see Matter of Reyes v Keyser, 150 AD3d 1502, 1503 n [2017]).