Matter of Batista v New York State & Local Retirement Sys. (2023 NY Slip Op 00911)

Matter of Batista v New York State & Local Retirement Sys.

2023 NY Slip Op 00911

Decided on February 16, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 16, 2023

535078
[*1]In the Matter of Franklin Batista, Petitioner,
v
New York State and Local Retirement System et al., Respondents.

Calendar Date:January 11, 2023

Before:Clark, J.P., Pritzker, Reynolds Fitzgerald, Ceresia and McShan, JJ.

Franklin Batista, Westlake, Florida, petitioner pro se.
Letitia James, Attorney General, Albany (Kevin C. Hu of counsel), for respondents.

Ceresia, J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Comptroller denying petitioner's application for disability retirement benefits.
Petitioner filed an application for disability retirement benefits in July 2015, alleging that he was permanently incapacitated from performing his duties as a school custodian because of medical conditions with his feet and back.[FN1] Following the initial disapproval of the application, hearings ensued. At the conclusion of the hearings, a Hearing Officer determined that petitioner did not meet his burden of establishing that he was permanently incapacitated from performing his job duties. Upon review, the Comptroller accepted the Hearing Officer's findings of fact and conclusions of law, and denied petitioner's application. Petitioner thereafter commenced this CPLR article 78 proceeding challenging the Comptroller's determination.
As the applicant for disability retirement benefits, it was petitioner's burden to establish that he was permanently incapacitated from performing his employment duties (see Matter of Schafer v New York State Teachers' Retirement Sys., 175 AD3d 1644, 1645 [3d Dept 2019]; Matter of Aliperti v DiNapoli, 138 AD3d 1378, 1379 [3d Dept 2016]). "The Comptroller is vested with the authority to resolve conflicts in the medical evidence and to credit one expert's opinion over that of another, so long as the credited expert articulates a rational and fact-based opinion founded upon a physical examination and review of the pertinent medical records" (Matter of Tracy v New York State & Local Empls. Retirement Sys., 58 AD3d 1006, 1007-1008 [3d Dept 2009] [internal quotation marks and citations omitted]; see Matter of Borsilli v DiNapoli, 140 AD3d 1575, 1576 [3d Dept 2016]).
Bradley Wiener, an orthopedic surgeon, examined petitioner twice at the request of respondent New York State and Local Retirement System. Wiener testified that, at the first examination, petitioner complained of pain in his feet, most notably on the right side, and that petitioner made no mention of any back pain. Although petitioner's testimony regarding the nature of the examination differed, Wiener testified that, upon examining petitioner's feet, he measured symmetric ankle circumferences and full range of motion of both ankles, with slight limitations on inversion. Petitioner complained of mild tenderness on palpation along the posterior tibial tendon of both lower extremities. There was no pain on palpation along the medial aspect of the heel of the left foot and mild discomfort in that area along the right heel. Petitioner was capable of right and left single-leg toe raises. Based upon the examination and petitioner's medical history, which included two surgical procedures on petitioner's left foot and cortisol injections in both, Wiener diagnosed petitioner with plantar fasciitis.
Wiener, who had reviewed petitioner's [*2]job duties and understood that petitioner was required to spend a lot of time on his feet and do some heavy lifting, opined that petitioner was not permanently incapacitated from performing his job duties due to the medical conditions in either of his feet. Specifically, Wiener opined that, as for the left foot condition, petitioner's symptoms were minimal after undergoing various treatments for the plantar fasciitis and that petitioner's subjective tolerance was the only factor limiting performance of his job duties. Further, with respect to the right foot, Wiener testified that, while petitioner was symptomatic, he could not give an opinion as to permanency regarding the right foot because additional treatment for the right foot plantar fasciitis was available. Although petitioner submitted a 2015 medical report from his treating podiatrist which indicated that petitioner could not perform his job duties "at that time," the podiatrist did not offer a medical conclusion as to whether petitioner was permanently incapacitated due to the condition of his feet.
Thereafter, upon amending his claim to include a back condition, petitioner was again examined by Wiener. On examination, Wiener noted tenderness to palpation along the lumbar region and mild restriction as to both flexion and extension. Wiener diagnosed petitioner with generalized low back pain with evidence of degenerative disc disease of the lumbosacral spine. Wiener opined, however, that, based on the examination, petitioner was not permanently incapacitated from performing the duties of a custodian due to his lumbar spine condition, finding it significant that, although petitioner sustained a back injury around 1991 and received chiropractic care, there were no medical records reflecting any medical treatment for petitioner's back condition from 2006 until after he stopped working in April 2015, nor was there any record of petitioner missing work during that period as a result of the back condition.
In view of the foregoing, and according deference to the Comptroller's credibility determinations, substantial evidence supports the determination that petitioner did not meet his burden of establishing that his bilateral foot condition or back condition — either individually or cumulatively — rendered him permanently incapacitated from performing his custodial duties, and, therefore, the Comptroller's determination denying petitioner's application will not be disturbed (see Matter of DeCarlis v New York State & Local Retirement Sys., 159 AD3d 1243, 1243 [3d Dept 2018]; Matter of Borsilli v DiNapoli, 140 AD3d at 1576; Matter of Aliperti v DiNapoli, 138 AD3d at 1380). To the extent that petitioner relies on a determination of the Social Security Administration finding him to be disabled, that determination is not binding on the Comptroller (see Matter of Walsh v New York State & Local Empls. Retirement Sys., 176 AD3d 1430, 1432 [3d Dept 2019]), and, in any event, that determination relied upon [*3]different medical records.
Clark, J.P., Pritzker, Reynolds Fitzgerald and McShan, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

Footnotes

Footnote 1: Although petitioner initially indicated that his high blood pressure also rendered him permanently incapacitated from performing his employment duties, he subsequently withdrew that as a basis for his application for disability retirement benefits.