Matter of Mallay v New York State Comptroller (2023 NY Slip Op 05174)

Matter of Mallay v New York State Comptroller

2023 NY Slip Op 05174

Decided on October 12, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 12, 2023

CV-22-1971
[*1]In the Matter of Edward Mallay, Petitioner,
v
New York State Comptroller et al., Respondents.

Calendar Date:September 12, 2023

Before:Egan Jr., J.P., Lynch, Reynolds Fitzgerald, Ceresia and Fisher, JJ.

Fusco, Brandenstein & Rada, PC, Woodbury (John Hewson of counsel), for petitioner.
Letitia James, Attorney General, Albany (Kevin C. Hu of counsel), for respondents.

Reynolds Fitzgerald, J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller denying petitioner's application for accidental disability retirement benefits.
Petitioner, a police officer, applied for accidental disability retirement benefits, alleging that he was permanently incapacitated as the result of injuries to his back, left hip and left knee that he sustained in an incident that occurred on October 2, 2016. Respondent New York State and Local Police and Fire Retirement System denied the application, finding that, although petitioner is incapacitated and unable to perform his job duties, his incapacity is not the natural and proximate result of an accident sustained in service. At the ensuing hearing, the Retirement System conceded that the October 2016 incident was an accident within the meaning of the Retirement and Social Security Law and that petitioner is permanently incapacitated from the performance of his job duties. Following the hearing, the Hearing Officer upheld the denial, finding that petitioner had failed to establish that his incapacity was the result of the October 2, 2016 accident. Respondent Comptroller accepted the Hearing Officer's findings, and petitioner commenced this CPLR article 78 proceeding.
We confirm. "A person who applies for accidental disability retirement benefits bears the burden of proving that he or she suffered an accident within the meaning of the Retirement and Social Security Law, that he or she is permanently incapable of resuming his or her employment duties, and that such disability is causally related to his or her accident" (Matter of Angelino v New York State Comptroller, 176 AD3d 1376, 1377 [3d Dept 2019] [internal quotation marks, brackets and citations omitted]). Given the Retirement System's concessions, the burden was on petitioner to establish that his incapacity was a proximate result of the October 2016 accident (see Matter of Trager v New York State Comptroller, 188 AD3d 1405, 1406 [3d Dept 2020], lv denied 36 NY3d 910 [2021]; Matter of Dellaripa v DiNapoli, 150 AD3d 1603, 1604 [3d Dept 2017]). "Where substantial evidence supports [the Comptroller's] decision, it will not be disturbed" (Matter of Whipple v New York State & Local Retirement Sys., 126 AD3d 1282, 1283 [3d Dept 2015] [citation omitted], lv denied 26 NY3d 912 [2015]; accord Matter of Lenci v DiNapoli, 210 AD3d 1224, 1226 [3d Dept 2022]). The standard for substantial evidence "is not an exacting one; it is less than a preponderance of the evidence and demands only that a given inference is reasonable and plausible, not necessarily the most probable" (Matter of Kelly v DiNapoli, 30 NY3d 674, 684 [2018] [internal quotation marks, ellipsis, brackets and citations omitted]). "Where, as here, the evidence from the medical experts is conflicting, [the Comptroller] has the authority to resolve such conflicts and to credit one expert's [*2]opinion over that of another, so long as the credited expert articulates a rational and fact-based opinion founded upon a physical examination and review of the pertinent medical records" (Matter of Lenci v DiNapoli, 210 AD3d at 1226 [internal quotation marks and citations omitted]; see Matter of Hanon v DiNapoli, 171 AD3d 1431, 1433 [3d Dept 2019]).
Petitioner testified that immediately after his October 2016 accident he felt pain in his back and left hip and he was taken to the hospital. He was treated and released that day and returned to work four or five days later on restricted duty. On October 13, 2016, petitioner was cleared for full duty by the police surgeon, at which point petitioner was on a scheduled vacation. When petitioner returned from vacation, he complained of pain in his left knee to his treating physician, which apparently began during his vacation. Petitioner also testified that he had injured his back on two prior occasions at work that required him to be seen at a hospital but neither injury resulted in any significant lost time from work. He further testified that he had injured his left knee at work on two prior occasions, including an injury in 1990 that required surgery.
Orthopedic surgeon Garrett Moss testified that he began treating petitioner on November 2, 2016. According to Moss, X-rays taken at that time reflected degenerative changes to petitioner's spine and left knee. MRIs taken in May and December 2017 revealed medial and lateral meniscal tears of the knee and degenerative changes and a disc herniation of the lumbar spine. Moss performed surgery on petitioner's left knee in August 2017. Moss opined that petitioner was permanently incapacitated from performing his job duties due to injuries to his back and left knee and that the incapacitation was causally-related to the October 2016 accident. Inasmuch as petitioner was working prior to the October 2016 accident, Moss did not consider the degenerative changes to petitioner's knee and spine to be causally-related to his incapacity.
On behalf of the Retirement System, orthopedic surgeon Jeffrey Meyer conducted an examination of petitioner in June 2018 and reviewed his medical records. Meyer noted that petitioner's 2016 X-rays showed multilevel degenerative disc disease of the spine, with mild to moderate spurring, that he considered to be "a chronic injury that's developmental over time from overuse and it is contributed to by excess weight." According to Meyer, the X-rays only showed mild to moderate degenerative spurring, which he considered to be chronic findings, rather than acute injuries and there was no indication of disc herniation. Meyer testified that petitioner may have suffered a contusion or suffered arthritic pain due to the accident, but not a significant injury to the spine, and that petitioner had "largely recovered" from the accident since he was cleared to return to work two weeks later. Meyer further opined that the condition of petitioner's [*3]left knee was due to the prior injuries and the degeneration of the knee following the 1990 surgery, as well as petitioner's excessive weight. Meyer also noted in support of his opinion that petitioner did not report having any pain in the knee until two weeks after the October 2016 accident, which he found to be inconsistent with a trauma-related injury. Although Meyer agreed that petitioner was permanently incapacitated from performing his job duties due to the condition of his knee and spine and that the disability is related to his occupation, he concluded that the October 2016 accident was not the natural and proximate cause of petitioner's permanent incapacity. In light of the foregoing, the Comptroller was entitled to credit Meyer's opinion, which was rational and based upon an examination of petitioner and his medical records, and, therefore, the Comptroller's determination that petitioner's incapacity was not the natural and proximate result of the October 2016 accident is supported by substantial evidence and will not be disturbed (see Matter of Lenci v DiNapoli, 210 AD3d at 1228; Matter of White v DiNapoli, 153 AD3d 1080, 1082 [3d Dept 2017]).
Petitioner also contends that, in light of the fact that the Retirement System awarded him performance of duty disability benefits for his incapacity, it was collaterally estopped from denying his application for accidental disability retirement benefits on the ground that he had not proven that his incapacity was the natural and proximate result of the October 2016 accident. Even assuming, without deciding, that petitioner's contention, raised first in his posthearing memorandum of law, is properly before us (see Matter of Dowling v Gardner, 198 AD3d 1056, 1057 [3d Dept 2021], lv denied 37 NY3d 919 [2022]), we find it unavailing. "Conclusive effect is given to quasi-judicial administrative determinations when the issue upon which collateral estoppel is sought is identical to an issue necessarily resolved in a prior decision" (Matter of Kibler v New York State Dept. of Correctional Servs., 91 AD3d 1218, 1220 [3d Dept 2012] [citations omitted], lv denied 19 NY3d 803 [2012]; accord Matter of Gunn [City of New York-Commissioner of Labor], 172 AD3d 1865, 1867 [3d Dept 2019]). The burden is on the proponent of collateral estoppel "to demonstrate the identicality and decisiveness of the issue" (Ryan v New York Tel. Co., 62 NY2d 494, 501 [1984]; accord Matter of Kibler v New York State Dept. of Correctional Servs., 91 AD3d at 1220-1221). Although petitioner contends that the Retirement System should be estopped from denying his application for accidental disability retirement benefits based upon its determination granting him performance of duty disability retirement benefits, neither petitioner's application for performance of duty disability retirement benefits nor the Retirement System's determination granting that application is included in the record. Accordingly, inasmuch as the record is inadequate [*4]to determine the identity of issues in the two Retirement System determinations, petitioner's request to apply collateral estoppel fails as a matter of law (see Ridge v Gold, 26 NY3d 1069, 1070-1071 [2015]; Congregation Machne Ger v Berliner, 201 AD3d 1268, 1270 [3d Dept 2022]).
Egan Jr., J.P., Lynch, Ceresia and Fisher, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.