Matter of Mozdziak v DiNapoli (2024 NY Slip Op 04849)

Matter of Mozdziak v DiNapoli

2024 NY Slip Op 04849

Decided on October 3, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 3, 2024

536199
[*1]In the Matter of Darren Mozdziak, Petitioner,
v
Thomas P. DiNapoli, as State Comptroller, Respondent.

Calendar Date:September 11, 2024

Before:Aarons, J.P., Lynch, Ceresia, McShan and Mackey, JJ.

Schwab & Gasparini, PLLC, White Plains (Jacob Schwartz of counsel), for petitioner.
Letitia James, Attorney General, Albany (Frederick A. Brodie of counsel), for respondent.

Mackey, J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent denying petitioner's applications for accidental and performance of duty disability retirement benefits.
In June 2015, petitioner, a firefighter, filed applications for accidental and performance of duty disability retirement benefits alleging that he sustained disabling injuries to his back, left knee and both hips as the result of an incident occurring in May 2013 when he fell after a stair broke while he was descending a staircase. The applications were denied on the ground that petitioner's disabilities are not the natural and proximate result of an accident or incident sustained in service. A hearing ensued, at which the New York State and Local Police and Fire Retirement System conceded that the May 2013 incident constituted an accident within the meaning of the Retirement and Social Security Law and, further, that petitioner is permanently incapacitated from the performance of his duties due to the condition of his hips. At the conclusion of the hearing, the Hearing Officer upheld the denial of the applications, finding that petitioner's disability was not causally-related to the May 2013 accident. Respondent adopted the Hearing Officer's findings and conclusions, prompting this CPLR article 78 proceeding.
We confirm. Under the Retirement and Social Security Law, "[t]o be entitled to either accidental or performance of duty disability retirement benefits, petitioner bore the burden of establishing that his incapacitation from the performance of his duties was 'the natural and proximate result' of an accident or a disability that was 'sustained in such service' " (Matter of Verille v Gardner, 177 AD3d 1068, 1069 [3d Dept 2019], quoting Retirement and Social Security Law §§ 363 [a] [1]; 363-c [b] [1]; see Matter of Whipple v New York State & Local Retirement Sys., 126 AD3d 1282, 1283 [3d Dept 2015], lv denied 26 NY3d 912 [2015]). "Where, as here, there is conflicting medical evidence, [respondent] is vested with the exclusive authority to weigh such evidence and credit the opinion of one medical expert over another" (Matter of Solarino v DiNapoli, 171 AD3d 1434, 1435 [3d Dept 2019] [internal quotation marks and citations omitted]; see Matter of Stancarone v DiNapoli, 219 AD3d 1649, 1650 [3d Dept 2023]), and "[o]ur review of [respondent's] determination is limited to ascertaining whether it is supported by substantial evidence" (Matter of Collins v DiNapoli, 57 AD3d 1148, 1148 [3d Dept 2008]; see Matter of Sestito v DiNapoli, 161 AD3d 1499, 1501 n [3d Dept 2018]).
Petitioner's treating orthopedic surgeon, Timothy Greene, testified that he first examined petitioner in March 2015, limiting his examination and treatment to petitioner's hips. Greene found that petitioner exhibited tearing of the labral tissue in both hips with cartilage damage, which resulted in surgeries to both hips[*2]. Greene opined that the damage to petitioner's hips was causally-related to the 2013 accident, based upon his understanding that petitioner had not had any issues with his hips prior to that time. Greene testified that he did not know if the tearing of the labral tissues happened before or after the accident, although he concluded that the accident set off "a cascade of pain" and that the accident could have aggravated a preexisting condition.
In contrast, Edward Toriello, the orthopedic surgeon who examined claimant and reviewed his medical records on behalf of the Retirement System, found no causal relationship between the 2013 accident and the condition of petitioner's hips.[FN1] According to Toriello, petitioner suffers from femoral acetabular impingement, which is a malady that caused repetitive injuries to his growth plate during childhood, resulting in the degeneration of his hips. Toriello further opined that the 2013 accident did not aggravate or exacerbate the condition of petitioner's hips, citing the lack of contemporaneous complaints of hip pain immediately following the accident since, in Toriello's opinion, the seriousness of petitioner's hip injury "would declare itself right away."[FN2] Further, although petitioner testified that he had never had any problems or received any medical treatment for his hips prior to the May 2013 accident, according to Toriello's testimony and the written report of his examination of petitioner, petitioner informed him that he had experienced "multiple accidents to his lower back, left knee and hips dating back to 2004." "Inasmuch as the opinion of the Retirement System's expert was a rational fact-based opinion formed upon a physical examination of petitioner and a review of pertinent medical records, respondent was free to credit such opinion over that of petitioner's treating physician" (Matter of Stancarone v DiNapoli, 219 AD3d at 1651 [internal quotation marks, ellipsis and citations omitted]; see Matter of Lenci v DiNapoli, 210 AD3d 1224, 1228 [3d Dept 2022]). Accordingly, respondent's determination that petitioner's incapacity was not the natural and proximate result of the May 2013 accident is supported by substantial evidence and it will not be disturbed (see Matter of Mallay v New York State Comptroller, 220 AD3d 1039, 1042 [3d Dept 2023]; Matter of Seman v DiNapoli, 159 AD3d 1324, 1325-1326 [3d Dept 2018]).
Aarons, J.P., Lynch, Ceresia and McShan, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

Footnotes

Footnote 1: Toriello concluded that petitioner was permanently incapacitated from performing his job duties based upon the condition of his hips, but that petitioner was not incapacitated from performing those duties due to the injuries he suffered in the accident to his back and left knee. 

Footnote 2: Petitioner's medical records reflect that petitioner only complained of back and knee pain at the emergency room following the accident.